**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JARROD GORDON,<br><br>    Plaintiff,<br><br>    v.<br><br>RIVERSIDE TRANSIT AGENCY, et al.,<br><br>    Defendants. | No. EDCV 20-2424-RGK (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

    For the reasons discussed below, the Court orders Plaintiff to show cause, if there be any, in writing on or before **October 21, 2021**, why this action should not be dismissed without prejudice for failure to prosecute and/or comply with a court order.

    A.    <u>Procedural History</u>

    On November 18, 2020, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 against the Riverside Transit Agency ("RTA"); the County of Riverside ("County"); Tom Franklin, chief operations officer of RTA; and RTA employees Stephanie Sirls (sued as "Stephine Sirls"), Haley Nielsen (sued as "Haley Nieson"), and Does 1 through 4. (Dkt. No. 1.) The County filed an answer. (Dkt. No. 12.)

    Plaintiff indicated that he intended to voluntarily dismiss the County of Riverside from this action. Plaintiff was ordered to file the Notice of Voluntary Dismissal on or

before August 19, 2021.  (Dkt. No. 49.)  The ordered was returned by the postal service as undeliverable.  (Dkt. No. 50.)

Defendants Riverside Transit Agency, Franklin, Sirls and Nielsen ("RTA Defendants") filed a motion to dismiss the complaint.  By Order dated September 2, 2021, the District Court granted in part and denied in part the motion as follows:  (1) all claims were dismissed with leave to amend; (2) Plaintiff's request for punitive damages against RTA and Franklin, Sirls and Nielsen in their official capacity was dismissed without leave to amend; and (3) Plaintiff was granted leave to file a First Amended Complaint consistent with the Report and Recommendation within 30 days.  (Dkt. No. 52.)

B.    Discussion

Defendants served a notice of the Plaintiff's deposition with a request for production of documents on August 2, 2021.  The deposition was noticed for September 9, 2021.  (Tollison Decl. ¶ 2 & Exh. 1.)  On the day before the deposition, defense counsel's office attempted to contact Plaintiff by phone and email to confirm his attendance, but were unable to do so.  (*Id.* ¶ 3 & Exh. 2.)  Plaintiff failed to appear at his deposition on September 9, 2021.  (*Id.* ¶ 4.)  Defense counsel attempted to contact Plaintiff by letter to confer by September 13, 2021 and reschedule his deposition.  (*Id.* ¶ 5 & Exh. 3.)  Plaintiff did not respond.

Pursuant this Court's procedures, Defendants requested a telephonic discovery conference, which is required before a party may file a written discovery motion.  The court set a telephonic discovery conference on September 27, 2021 at 2:00 p.m., and required that the parties file a joint agenda on or before 10:00 a.m. that day.  (Dkt. No. 53.)  Defendants filed an agenda and advised the court that Plaintiff did not provide his position for inclusion in it.  (Dkt. No. 54.)

The Court held the telephonic discovery conference on September 27, 2021 at 2:00 p.m.  Defense counsel appeared.  Plaintiff did not appear.  The court and defense counsel waited until approximately 2:23 p.m. before commencing the discovery

conference. The court put on the record the unsuccessful attempts that chambers had made to contact Plaintiff to appear by phone at the telephonic discovery conference. Chambers was able to reach Plaintiff's mother, who provided three phone numbers, but chambers could not reach Plaintiff at any of these phone numbers. Defense counsel put on the record its attempts to contact Plaintiff as set forth in Dkt. No. 54. The hearing was adjourned. The court stated that it will issue an order to show cause by separate order. (Dkt. No. 55.)

It is well established that a district court has the authority to dismiss a plaintiff's action because of his failure to prosecute or comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars).

C. ORDER

Accordingly, IT IS ORDERED that, on or before **October 21, 2021**, Plaintiff shall show good cause, if there be any, in writing why this action should not be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.

***If Plaintiff does not timely file a response to this Order to Show Cause or otherwise respond to this Order to Show Cause on or before October 21, 2021, this action is subject to dismissal without prejudice by the District Court for plaintiff's failure to prosecute and/or failure to comply with a court order.*** *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962).

DATED: September 30, 2021

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

3